# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Frank Keel
and Valerie Keel

v.

George C. Sullivan
and Peggy L. Sullivan

June 29, 1999

Case No. CH97-630

BY JUDGE WILLIAM H. LEDBETTER, JR.

### Supplemental Opinion

The question presented is whether sanctions should be imposed or an award of costs and attorney's fees awarded as a consequence of the delay in concluding this specific performance suit.

### Background

The Keels instituted this suit for specific performance on December 4, 1997. The Sullivans answered. On April 22, 1998, the case was referred to a commissioner in chancery. After conducting a two-day evidentiary hearing, the commissioner filed a 24-page report on October 2, 1998. Arguments on the Sullivans' exceptions to the report were heard *ore tenus* on November 2, 1998. The court took the case under advisement and issued a letter opinion on December 2, 1998.

The court confirmed the commissioner's report in all respects and directed that counsel for the Keels prepare and circulate an appropriate decree granting specific performance of the parties' real estate sales contract. Costs were assessed against the Sullivans.

When no sketch decree was tendered within thirty days, the court wrote counsel on January 5, 1999, asking for a final decree and urging the parties to "accomplish the transfer immediately."

The parties returned to court on January 19, 1999. The Keels insisted that the conveyance be done by special commissioner. The Sullivans objected to such an "unnecessary expense" and vowed to make the transfer voluntarily, pursuant to the court's decision, within ten days. Also, at the January 19th hearing, the Keels contended that the property had been damaged or altered by the Sullivans so that specific performance would not provide complete relief. As a result of that hearing, the court entered a decree dated January 25, 1999, that allowed the Keels access to the property to determine, *inter alia*, whether the property had been damaged or materially altered but nonetheless set February 19, 1999, as the date of transfer.

The parties were in court again on February 19, 1999. The Keels continued to complain that the Sullivans had removed fixtures from the house. By order dated February 23, 1999, the court referred the case back to the commissioner for an evidentiary hearing on that issue.

The commissioner held a supplemental evidentiary hearing on March 17, 1999, and took a view of the house with the parties and counsel. The commissioner reported that the Keels' claims should be disallowed. In essence, the commissioner found that some of the fixtures had been removed but replaced with fixtures of comparable appearance and value; some of the fixtures that the Keels contended had been removed were in fact still there; and at least one of the items in controversy was not a fixture at all.

Arguments on exceptions to the commissioner's report were heard on June 21, 1999. The court confirmed and approved the report in all respects except (1) allowance of attorney's fees to the Sullivans and (2) the Sullivans' request for sanctions under § 8.01-271.1. The court took those issues under advisement.

## Decision

The Sullivans' failure to honor their contractual duties gave rise to this lawsuit. For that reason, the court compelled specific performance and assessed all costs, including the first commissioner's fee, against them.

However, it is evident that at all times since the court's opinion was issued on December 2, 1998, the Sullivans have been ready, willing, and able to comply with that decision and to go to settlement immediately. Only the Keels' assertions that the premises had been damaged and that fixtures had

been removed during the pendency of this litigation impeded a prompt conclusion of the case.

Now that the Keels' assertions have been rejected, the Keels must be accountable for the expenses incurred by the Sullivans resulting from the unnecessary delay proximately caused by those assertions.

The Sullivans have submitted a statement of attorney's fees incurred by them since January 25, 1999. The statement is supplemented by supporting documents and representations of counsel, unopposed, at the June 21st hearing. Extracting those fees associated with a motion made by the Sullivans which the court denied, the court finds that the Sullivans are entitled to an award of attorney's fees in the amount of $4,800.00. These fees were incurred as a direct result of the unreasonable delay and the additional court proceedings occasioned by the Keels' contentions regarding removal of fixtures.

Further, this court assesses the costs of the supplemental commissioner's hearing (the commissioner's fee of $600.00) against the Keels.

Virginia Code § 8.01-271.1 provides that a pleading, motion, or other paper or an oral motion must be grounded in fact to the best of the movant's knowledge and belief after reasonable inquiry; it must be warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and it must not be interposed for an improper purpose, such as to harass, delay, or needlessly increase the cost of litigation. A violation of the statute entitles a court, upon motion or upon its own initiative, to impose appropriate sanctions.

This case does not involve the advocacy of a novel legal principle, or arguments regarding existing law, or for the extension, modification, or reversal of existing law. Rather, the case involves the assertion of facts which the commissioner and the court have found to be without merit.

The facts asserted by the Keels were that the Sullivans had damaged the premises and that they had removed valuable fixtures and replaced them with inferior ones. Later, they contended that the drapes in the house, which Mr. Keel valued at more than $20,000.00, were fixtures and should not have been removed.

At the commissioner's hearing, the Keels presented not one witness and not one shred of evidence to support these contentions, except for Mr. Keel's own testimony. The commissioner heard the testimony (a transcript of which has been reviewed by the court) and personally inspected the premises with the parties and counsel. He rejected all of the Keels' claims.

As for the drapes, the commissioner correctly observed that those items were removable personal property of the Sullivans, not fixtures, and that the

parties had treated them as such in earlier writings and in earlier proceedings in this suit.

When in February the court delayed the implementation of its mandate to give the Keels an opportunity to be heard on these new claims, the court specifically warned the Keels in open court that it was doing so on the assumption that their claims did not refer to trivial or inconsequential matters but involved material or significant damages or alterations as they had alleged in their motions and arguments. (At the same time, the court told the Sullivans that they faced substantial damages and assessment of costs and attorney's fees if the Keels could substantiate their claims.) Despite these admonitions, the Keels went forward.

Sanctions should be imposed sparingly by trial courts. Litigants and their attorneys should not be intimidated in asserting claims and making legal arguments by a constant fear that sanctions may be imposed if they fail. In fact, this court recalls imposing sanctions in only one other case since the statute was adopted in 1987.

In this case, however, the conclusion of litigation has been needlessly delayed because of the Keels' contentions, utterly unfounded, that the premises had been "damaged" and that "material alterations" had been made.

In addition to the award of attorney's fees and assessment of costs mentioned above, the court imposes the following additional sanction: at settlement, real estate taxes and interest on the Sullivans' deed of trust will be prorated as of February 19, 1999.

Settlement should take place in accordance with the terms of the court's decisions in this case not later than July 30, 1999.